UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
U.V.A VADUZ et al.,

                        Plaintiffs,

            -against-

THE REPUBLIC OF ARGENTINA,

                        Defendant.

------------------------------------------------------------------------ X

07 Civ. 11497 (TPG)

**ANSWER TO AMENDED COMPLAINT**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Amended Complaint, dated July 24, 2008 (the "Amended Complaint"), respectfully states as follows:

        1.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Amended Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114BE93.

        2.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Amended Complaint, except admits that it entered into Fiscal Agency Agreement dated December 10, 1993 (the "1993 FAA"), and refers to the 1993 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34.

        3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, except admits that it

entered into the 1994 FAA, and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114GA27.

4. Paragraph 4 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

5. Paragraph 5 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

6. Paragraph 6 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required.

7. In response to Paragraph 7 of the Amended Complaint, the Republic repeats and realleges each and every response to Paragraphs 1 and 3-6 of the Amended Complaint.

8. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Amended Complaint.

9. Paragraph 9 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 9 of the Amended Complaint for its true and correct contents.

10. Paragraph 10 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Amended Complaint for its true and correct contents.

11. Paragraph 11 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 11 of the Amended Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Amended Complaint.

12. The Republic denies the allegations contained in Paragraph 12 of the Amended Complaint.

13. Paragraph 13 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 13 of the Amended Complaint.

14. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Amended Complaint. Paragraph 14 of the Amended Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 of the Amended Complaint for their true and correct contents.

15. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

16. Paragraph 16 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 16 of the Amended Complaint.

17. In response to Paragraph 17 of the Amended Complaint, the Republic repeats and realleges each and every response to Paragraphs 2 and 4-6 of the Amended Complaint.

18. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint.

19. Paragraph 19 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 19 of the Amended Complaint for its true and correct contents.

20. Paragraph 20 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 20 of the Amended Complaint for its true and correct contents.

21. Paragraph 21 of the Amended Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 21 of the Amended Complaint for its true and correct contents. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint.

22. The Republic denies the allegations contained in Paragraph 22 of the Amended Complaint.

23. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint. Paragraph 23 of the

Amended Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 23 of the Amended Complaint for their true and correct contents.

24. The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Amended Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

25. Paragraph 25 of the Amended Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 25 of the Amended Complaint.

### First Affirmative Defense

26. The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense[1]

27. Plaintiffs' claims are barred by the act of state doctrine.

### Third Affirmative Defense

28. To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, plaintiffs are barred from enforcing any rights they may otherwise have.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fourth Affirmative Defense

29. Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

30. Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

31. Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

32. Plaintiffs' interest claims, if any, arising before December 21, 2002 are barred in part by the applicable statute of limitations/prescription period.

### Eighth Affirmative Defense

33. Plaintiffs lack standing and/or capacity to sue, because they are not holders of bonds within the meaning of the 1994 FAA or 1993 FAA.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

(c)   granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 2, 2008

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: _____
Jonathan I. Blackman (jblackman@cgsh.com)
Carmine D. Boccuzzi (cboccuzzi@cgsh.com)

One Liberty Plaza
New York, New York 10006
(212) 225-2000

Attorneys for the Republic of Argentina